

SEALED

ORDERED UNSEALED on 05/13/2025   s/ AnthonyH

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

August 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br>　　v.<br><br>PEDRO INZUNZA NORIEGA (1),<br>　aka "Sagitario,"<br>　aka "120,"<br>　aka "El de la Silla,"<br>PEDRO INZUNZA CORONEL (2),<br>　aka "Pichon,"<br>　aka "Pajaro,"<br>　aka "Bird,"<br>DAVID ALEJANDRO<br>　HEREDIA VELAZQUEZ (3),<br>　aka "Tano,"<br>　aka "Mr. Jordan,"<br>OSCAR RENE GONZALEZ MENENDEZ (4),<br>　aka "Rubio."<br>ELIAS ALBERTO QUIROS BENAVIDES (5),<br>DANIEL EDUARDO BOJORQUEZ (6),<br>　aka "Chopper,"<br>JAVIER ALONSO VAZQUEZ SANCHEZ (7),<br>　aka "Tito,"<br>　aka "Drilo,"<br><br>　　　　Defendants. | Case No. '25 CR1505 CAB<br><br>I N D I C T M E N T<br><br>Title 21, U.S.C., Sec. 848(a) – Continuing Criminal Enterprise; Title 21, U.S.C., Secs. 960a, 841(a)(1) and 841(b)(1)(A) – Narcoterrorism; Title 18, U.S.C. Sec. 2339B – Providing Material Support to Foreign Terrorist Organization; Title 18, U.S.C., Sec. 2 – Aiding and Abetting; Title 21, U.S.C., Secs. 952, 959, 960, and 963 – International Conspiracy to Distribute Controlled Substances; Title 21, U.S.C., Secs. 841(a)(1) and 846 – Conspiracy to Distribute Controlled Substances; Title 21, U.S.C., Secs. 952, 960 and 963 – Conspiracy to Import Controlled Substances; Title 18, U.S.C., Sec. 1956(h) – Conspiracy to Launder Monetary Instruments; Title 21, U.S.C., Sec. 853, Title 18, U.S.C., Secs. 981(a)(1)(C) and (G) and 982, and Title 28, U.S.C., Sec. 2461(c) – Criminal Forfeiture |

　　The grand jury charges:

　　At all times relevant to this Indictment:

//

//

JCM:nlv(2):San Diego:5/2/25

**INTRODUCTION**

1. On February 20, 2025, upon publication in the Federal Register, the United States Secretary of State, in consultation with the Attorney General, designated the Cártel de Sinaloa, aka "Sinaloa Cartel," aka "Mexican Federation," aka "Guadalajara Cartel," as a foreign terrorist organization, after finding that the organization engages in terrorist activity.

**Count 1**

**(Continuing Criminal Enterprise)**

**[21 U.S.C. § 848(a)]**

2. Beginning at a date unknown to the grand jury and continuing up to and including the date of this Indictment, within the Southern District of California, the countries of Mexico, Guatemala, Panama, Costa Rica, and elsewhere, defendant PEDRO INZUNZA NORIEGA, aka "Sagitario," aka "120," aka "El de la Silla," together with others known and unknown to the grand jury, did knowingly and intentionally engage in a continuing criminal enterprise, in that defendant PEDRO INZUNZA NORIEGA, aka "Sagitario," aka "120," aka "El de la Silla," committed violations of Title 21, United States Code, Sections 841(a)(1), 846, 952, 959, 960, and 963, including Counts 2 through 4 set forth below, which violations were part of a continuing series of violations of those statutes undertaken by defendant PEDRO INZUNZA NORIEGA, aka "Sagitario," aka "120," aka "El de la Silla," in concert with five or more other persons with respect to whom defendant occupied a position of organizer, supervisor and any position of management, and from which such continuing series of violations defendant obtained substantial income and resources; all in violation of Title 21, United States Code, Section 848(a).

## Count 2

### (Narcoterrorism)

### [21 U.S.C. §§ 960a, 841(a)(1), 841(b)(1)(A) & 18 U.S.C. § 2]

3. The allegations in Paragraph 1 are incorporated.

4. Beginning at a date unknown to the grand jury and continuing up to and including the date of this Indictment, in the countries of Mexico, Guatemala, Panama, Costa Rica, and elsewhere, defendants PEDRO INZUNZA NORIEGA, aka "Sagitario," aka "120," aka "El de la Silla," and PEDRO INZUNZA CORONEL, aka "Pichon," aka "Pajaro," aka "Bird," who will first enter the United States in the Southern District of California, did knowingly and intentionally engage and attempt to engage in conduct in and affecting interstate and foreign commerce and that would be punishable under Title 21, United States Code, Section 841(a)(1), if committed within the jurisdiction of the United States, that is, to knowingly and intentionally manufacture, distribute and possess with intent to distribute 400 grams and more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl), a Schedule II Controlled Substance; and 5 kilograms and more of cocaine, a Schedule II Controlled Substance; knowing and intending to provide directly and indirectly, anything of pecuniary value to any person and organization that has engaged and engages in terrorist activity and terrorism, having knowledge that the said persons and organization has engaged and engages in terrorist activity and terrorism; all in violation of Title 21, United States Code, Sections 960a, 841(a)(1), 841(b)(1)(A), and Title 18, United States Code, Section 2.

//

//

### Count 3

**(Providing Material Support to Foreign Terrorist Organization)**

**[18 U.S.C. §§ 2339B & 2]**

5. The allegations in Paragraph 1 are incorporated.

6. Beginning at a date unknown to the grand jury and continuing up to and including the date of this Indictment, in an offense occurring in an affecting foreign commerce, and begun and committed outside of the jurisdiction of any particular state or district of the United States, defendants PEDRO INZUNZA NORIEGA, aka "Sagitario," aka "120," aka "El de la Silla," and PEDRO INZUNZA CORONEL, aka "Pichon," aka "Pajaro," aka "Bird," who will first enter the United States in the Southern District of California, did knowingly engage and attempt to engage in conduct to provide material support and resources to the Cártel de Sinaloa, a foreign terrorist organization, which was designated a foreign terrorist organization on February 20, 2025 by the United States Secretary of State, knowing that the Cártel de Sinaloa had engaged in and was engaging in terrorist activity and terrorism; all in violation of Title 18, United States Code, Section 2339B and Title 18, United States Code, Section 2.

### Count 4

**(International Conspiracy to Distribute Controlled Substances)**

**[21 U.S.C. §§ 959, 960, 963]**

7. Beginning at a date unknown to the grand jury and continuing up to and including the date of this Indictment, within the countries of Mexico, Guatemala, Panama, Costa Rica, and elsewhere, defendants PEDRO INZUNZA NORIEGA, aka "Sagitario," aka "120," aka "El de la Silla," PEDRO INZUNZA CORONEL, aka "Pichon," aka "Pajaro," aka "Bird," DAVID ALEJANDRO HEREDIA VELAZQUEZ, aka "Tano," aka "Mr. Jordan," OSCAR RENE GONZALEZ MENENDEZ, aka "Rubio," and DANIEL EDUARDO BOJORQUEZ,

aka "Chopper," and JAVIER ALONSO VAZQUEZ SANCHEZ, aka "Tito," aka "Drilo," who will first enter the United States in the Southern District of California, did knowingly and intentionally conspire with each other and with other persons known and unknown to the grand jury, to distribute and cause the distribution of 400 grams and more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl), a Schedule II Controlled Substance; and 5 kilograms and more of cocaine, a Schedule II Controlled Substance; intending, knowing and having reasonable cause to believe that such Controlled Substances would be unlawfully imported into the United States; all in violation of Title 21, United States Code, Sections 952, 959, 960, and 963.

## Count 5

**(Conspiracy to Distribute Controlled Substances)**

**[21 U.S.C. §§ 841(a)(1) & 846]**

8.  Beginning at a date unknown to the grand jury and continuing up to and including the date of this Indictment, within the Southern District of California, and elsewhere, defendants PEDRO INZUNZA NORIEGA, aka "Sagitario," aka "120," aka "El de la Silla," PEDRO INZUNZA CORONEL, aka "Pichon," aka "Pajaro," aka "Bird," DAVID ALEJANDRO HEREDIA VELAZQUEZ, aka "Tano," aka "Mr. Jordan," OSCAR RENE GONZALEZ MENENDEZ, aka "Rubio," DANIEL EDUARDO BOJORQUEZ, aka "Chopper," and JAVIER ALONSO VAZQUEZ SANCHEZ, aka "Tito," aka "Drilo," did knowingly and intentionally conspire with each other and with other persons known and unknown to the grand jury to distribute 400 grams and more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4- piperidinyl] propanamide (commonly known as fentanyl), a Schedule II Controlled Substance; and 5 kilograms and more of cocaine,

a Schedule II Controlled Substance; all in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

## Count 6

### (Conspiracy to Import Controlled Substances)

### [21 U.S.C. §§ 952, 960, 963]

9. Beginning at a date unknown to the grand jury and continuing up to and including the date of this Indictment, within the Southern District of California, and elsewhere, defendants PEDRO INZUNZA NORIEGA, aka "Sagitario," aka "120," aka "El de la Silla," PEDRO INZUNZA CORONEL, aka "Pichon," aka "Pajaro," aka "Bird," and DAVID ALEJANDRO HEREDIA VELAZQUEZ, aka "Tano," aka "Mr. Jordan," OSCAR RENE GONZALEZ MENENDEZ, aka "Rubio," DANIEL EDUARDO BOJORQUEZ, aka "Chopper," and JAVIER ALONSO VAZQUEZ SANCHEZ, aka "Tito," aka "Drilo," did knowingly and intentionally conspire with each other and with other persons known and unknown to the grand jury, to import 400 grams and more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4- piperidinyl] propanamide (commonly known as fentanyl), a Schedule II Controlled Substance; and 5 kilograms and more of cocaine, a Schedule II Controlled Substance; all in violation of Title 21, United States Code, Sections 952, 960 and 963.

## Count 7

### (Conspiracy to Commit Money Laundering)

### [18 U.S.C. § 1956(h)]

10. Beginning on a date unknown to the grand jury and continuing up to the date of the Indictment, within the Southern District of California, and elsewhere, defendants DAVID ALEJANDRO HEREDIA VELAZQUEZ, aka "Tano," aka "Mr. Jordan," OSCAR RENE GONZALEZ MENENDEZ, aka "Rubio," ELIAS ALBERTO QUIROS BENAVIDES, and DANIEL EDUARDO BOJORQUEZ,

aka "Chopper," and others known and unknown to the grand jury, knowingly and intentionally conspired to transport, transmit, and transfer a monetary instrument and funds involving the proceeds of specified unlawful activity, that is, the importation, sale and distribution of controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1), 846, 952, 959, 960, and 963, from a place in the United States to and through a place outside the United States, knowing that the monetary instrument and funds involved in the transportation, transmission and transfer represented the proceeds of some form of unlawful activity, and knowing that such transmission and transfer was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

**FORFEITURE ALLEGATIONS**

1.  The allegations contained in Counts 1 and 2 and 4 through 6 of this Indictment are realleged and by reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 21, United States Code, Section 853.

2.  Upon conviction of one and more of the felony offenses alleged in Counts 1 and 2 and 4 through 6 of this Indictment, said violations being punishable by imprisonment for more than one year and pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2), defendants PEDRO INZUNZA NORIEGA, aka "Sagitario," aka "120," aka "El de la Silla," PEDRO INZUNZA CORONEL, aka "Pichon," aka "Pajaro," aka "Bird," and DAVID ALEJANDRO HEREDIA VELAZQUEZ, aka "Tano," aka "Mr.

1  Jordan," OSCAR RENE GONZALEZ MENENDEZ, aka "Rubio," DANIEL EDUARDO
2  BOJORQUEZ, aka "Chopper," and JAVIER ALONSO VAZQUEZ SANCHEZ, aka "Tito,"
3  aka "Drilo," shall forfeit to the United States all rights, title and
4  interest in any and all property constituting, and derived from, any
5  proceeds the defendants obtained, directly and indirectly, as the result
6  of the offenses, and any and all property used and intended to be used
7  in any manner and part to commit and to facilitate the commission of
8  the violations alleged in Counts 1 and 2 and 4 through 6 of this
9  Indictment.
10      3.   Upon conviction of the offense alleged in Count 3 of this
11 Indictment, and pursuant to Title 18, United States Code,
12 Sections 981(a)(1)(C) and (G), and Title 28, United States Code,
13 Section 2461(c), defendants PEDRO INZUNZA NORIEGA, aka "Sagitario,"
14 aka "120," aka "El de la Silla," and PEDRO INZUNZA CORONEL, aka "Pichon,"
15 aka "Pajaro," aka "Bird," shall forfeit to the United States all rights,
16 title and interest in any and all property, real and personal,
17 constituting, and derived from, any proceeds traceable to the violation
18 alleged in Count 3, and all assets, foreign and domestic affording any
19 person a source of influence over such entity and organization, and all
20 assets acquired and maintained by any person with the intent and for
21 the purpose of supporting, planning, conducting, and concealing any
22 federal crime of terrorism against the United States.
23      4.   Upon conviction of the offense alleged in Count 7 of this
24 Indictment, and pursuant to Title 18, United States Code,
25 Section 982(a)(1), defendants DAVID ALEJANDRO HEREDIA VELAZQUEZ,
26 aka "Tano," aka "Mr. Jordan," OSCAR RENE GONZALEZ MENENDEZ, aka "Rubio,"
27 ELIAS ALBERTO QUIROS BENAVIDES, and DANIEL EDUARDO BOJORQUEZ,
28

aka "Chopper," shall forfeit to the United States all property involved in the offense and all property traceable to such property.

    5. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the Court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), Title 18, United States Code, Section 982(b), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the property listed above as being subject to forfeiture.

All in violation of Title 21, United States Code, Section 853, Title 18, United States Code, Sections 981(a)(1)(C) and (G), and 982, and Title 28, United States Code, Section 2461(c).

DATED: May 2, 2025.

ADAM GORDON
United States Attorney

By: /s/ Joshua C. Mellor
JOSHUA C. MELLOR
Assistant U.S. Attorney