IREDALE & ROTH APC
Danielle R. Iredale
California Bar No. 304693
185 West F Street, Suite 100
San Diego, CA 92101
Tel:    (619) 230-5606
Email: danni@iredaleroth.com

Counsel for Defendant
Pedro Inzunza-Noriega

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>       v.<br><br>PEDRO INZUNZA-NORIEGA,<br><br>             Defendant. | Case No. 25-CR-1505-BLM-CAB<br><br>The Hon. Barbara L. Major<br><br>The Hon. Cathy Ann Bencivengo<br><br>**UNOPPOSED MOTION TO PERMIT MR. INZUNZA TO APPEAR REMOTELY AT UPCOMING STATUS HEARING** |

COMES NOW, Mr. Inzunza-Noriega, by and through undersigned counsel, pursuant to Federal Rule of Criminal Procedure 43(b)(3) and respectfully moves this Court to permit Mr. Inzunza-Noriega to appear remotely via video teleconference for the upcoming non-dispositive status hearing regarding counsel scheduled for February 11, 2026, at 9:30 AM.

**I. FACTUAL BACKGROUND**

1. Mr. Inzunza is currently housed at a contract facility in Arizona.
2. Mr. Inzunza is wheelchair-bound and suffers from serious health issues.
3. The Court has scheduled a non-dispositive status hearing regarding counsel for February 11, 2026.
4. Transportation of the Defendant from the out-of-state facility to the Southern District of California would require extensive arrangements, including

specialized medical transport accommodations due to the Defendant's wheelchair-bound status and serious health conditions. The travel for what is anticipated to be a relatively short and non-dispositive hearing is arduous and physically taxing on Mr. Inzunza.

5. The United States does not oppose this motion.

## II. LEGAL ARGUMENT

6. Federal Rule of Criminal Procedure 43(b)(3) explicitly provides that a defendant need not be present for proceedings that involve "only a conference or hearing on a question of law." USCS Fed Rules Crim Proc R 43. The upcoming status hearing regarding counsel is precisely the type of non-dispositive proceeding contemplated by this rule.

7. Remote appearance via video teleconference or simply phone conference would allow the Defendant to meaningfully participate in the hearing while accommodating the Defendant's physical limitations and health concerns. This accommodation for purely non-dispositive hearings would ensure Mr. Inzunza's right to be present at critical stages of the proceedings is undisturbed, while also allowing for accommodations based on the practical challenges posed by Mr. Inzunza's health issues and out-of-state placement.

8. The requested accommodation is reasonable and would not prejudice the government or impede the administration of justice. The Defendant can effectively communicate with counsel and the Court through video teleconference technology, which has been widely utilized in federal courts. This request is limited only to the February 11, 2026 hearing.

9. Courts have recognized that remote appearances are particularly appropriate in circumstances where a defendant faces significant physical challenges or health risks associated with in-person attendance.[1]

---

[1] In fact, Federal Rule of Criminal Procedure 62 explicitly authorizes the use of videoconferencing and teleconferencing during emergency conditions that

10. The Southern District of California has established procedures for conducting remote proceedings that ensure defendants' rights are protected. The undersigned understands that the courtrooms are set up with proper video and/ or telephonic connectivity.

### III.     CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court grant this motion and permit the Defendant to appear remotely via video teleconference for the upcoming non-dispositive status hearing regarding counsel.

Dated: February 9, 2026                                    Respectfully Submitted,

IREDALE & ROTH APC

By: /s/ *Danni Iredale*
Danielle R. Iredale
Counsel for P. Inzunza-Noriega

---

substantially impair in-person attendance or proceedings. For example, videoconferencing may be used for felony pleas and sentencings if emergency conditions impair the court's ability to hold in-person proceedings within a reasonable time, provided the defendant consents and other safeguards are met. Here, this is a non-dispositive hearing, but the Rules themselves contemplate public health situations where remote appearances are authorized even for critical stages of a criminal case.

3